1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 ISAIAS MIGUEL MENDOZA, | Case No. CV 16-3504 JVS(JC) |
| 12 Plaintiff, | |
| 13 v. | MEMORANDUM OPINION AND ORDER DISMISSING ACTION |
| 14 LOS ANGELES COUNTY, | |
| 15 Defendant. | |

16
17

## I.   BACKGROUND AND SUMMARY

18
19     On May 20, 2016, Isaias Miguel Mendoza ("plaintiff"), who is currently at
20 liberty, is proceeding without a lawyer (*i.e.*, "*pro se*"), and has been granted leave
21 to proceed *in forma pauperis*, filed what the Court construed to be a Complaint
22 ("Original Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983") against Los
23 Angeles County ("County") for alleged federal civil rights and state law violations
24 related to plaintiff's detention at the Los Angeles County Jail.  (Original Complaint
25 at 1-6).  Plaintiff essentially alleged that County personnel improperly notified
26 federal immigration authorities of his assumed immigration status and improperly
27 retained him in custody at the Los Angeles County jail after the issuance of a
28 release order and without an immigration hold in order to permit immigration

1   authorities to determine whether he was subject to removal from the United States.

2        On January 3, 2017, this Court screened the Original Complaint, notified

3   plaintiff of multiple deficiencies therein, and dismissed the Original Complaint

4   with leave to amend ("Dismissal Order").   (Docket No. 15).  The Court granted

5   plaintiff leave to file a First Amended Complaint within fourteen (14) days, *i.e.*, by

6   January 17, 2017, to the extent plaintiff was able to cure the pleading defects set

7   forth in the Dismissal Order.  (Docket No. 15 at 10).  The Dismissal Order further

8   directed plaintiff, in the event he elected not to proceed with this action, to file a

9   Notice of Dismissal.  (Docket No. 15 at 11).  The Dismissal Order also provided

10  the following warning:

11           **Plaintiff is cautioned that, absent further order of the**

12           **Court, plaintiff's failure timely to file a First Amended Complaint**

13           **or Notice of Dismissal may result in the dismissal of this action**

14           **with or without prejudice on the grounds set forth [in the**

15           **Dismissal Order] and/or for failure diligently to prosecute, and/or**

16           **failure to comply with the Court's [Dismissal] Order.**

17  (Docket No. 15 at 11) (emphasis in original).

18       Plaintiff has not filed a First Amended Complaint or a Notice of Dismissal

19  and has not requested an extension of time to do so.

20  **II.     DISCUSSION**

21       Based upon the record and the applicable law, and as further discussed

22  below, the Court dismisses this action due to plaintiff's failure to state a claim

23  upon which relief can be granted, his failure to comply with the Dismissal Order,

24  and his failure diligently to prosecute.

25       First, as explained in detail in the Dismissal Order, the Original Complaint

26  failed to state a claim upon which relief may be granted.  The Dismissal Order

27  explained in detail what plaintiff needed to do to cure the deficiencies in his

28  pleading, granted plaintiff ample leave to file an amended complaint to the extent

1   he was able to cure the multiple pleading deficiencies identified, and warned

2   plaintiff that the action would be dismissed if he failed timely to file such an

3   amendment.  Since plaintiff did not file an amended complaint despite having been

4   given an opportunity to do so, the Court can only conclude that plaintiff is simply

5   unable or unwilling to draft a complaint that states viable claims for relief.  See,

6   e.g., Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant

7   knowingly and repeatedly refuses to conform his pleadings to the requirements of

8   the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a

9   claim.") (emphasis in original), cert. denied, 135 S. Ct. 57 (2014).  Accordingly,

10  dismissal of the instant action based upon plaintiff's failure to state a claim is

11  appropriate.

12       Second, dismissal is appropriate based upon plaintiff's failure to comply

13  with the Dismissal Order and the failure diligently to prosecute.  It is well-

14  established that a district court may *sua sponte* dismiss an action where a plaintiff

15  has failed to comply with a court order and/or unreasonably failed to prosecute.

16  See Link v. Wabash Railroad Co., 370 U.S. 626, 629-33 (1962); Ferdik v.

17  Bonzelet, 963 F.2d 1258, 1260 (9th Cir.) (as amended), cert. denied, 506 U.S. 915

18  (1992); see also McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991) (district

19  court may *sua sponte* dismiss action "only for an unreasonable failure to

20  prosecute") (citations omitted); see also Edwards v. Marin Park, Inc., 356 F.3d

21  1058, 1065 (9th Cir. 2004) (*sua sponte* dismissal pursuant to Fed. R. Civ. P. 41(b)

22  proper sanction in cases where a plaintiff is notified of deficiencies in complaint

23  and is given "the opportunity to amend [the complaint] or be dismissed" but the

24  plaintiff "[does] *nothing*") (citations omitted; emphasis in original).

25       In determining whether to dismiss an action for failure to prosecute or

26  failure to comply with court orders, a district court must consider several factors,

27  namely (1) the public's interest in expeditious resolution of litigation; (2) the

28  court's need to manage its docket; (3) the risk of prejudice to the defendant;

1  (4) the public policy favoring disposition of cases on their merits; and (5) the

2  availability of less drastic alternatives.  See In re Eisen, 31 F.3d 1447, 1451 (9th

3  Cir. 1994) (failure to prosecute); Ferdik, 963 F.2d at 1260-61 (failure to comply

4  with court orders).  Dismissal is appropriate "where at least four factors support

5  dismissal . . . or where at least three factors 'strongly' support dismissal."

6  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations

7  omitted).[1]  Here, as at least the first three factors strongly support dismissal, the

8  Court finds that plaintiff's unreasonable failure to prosecute his case and failure to

9  comply with the Dismissal Order warrant dismissal.

10  **III.    ORDER**

11           IT IS THEREFORE ORDERED that this action is dismissed and that the

12  Clerk enter judgment accordingly.

13  DATED: February 6, 2017

14  _____

15           HONORABLE JAMES V. SELNA
         UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24       [1]Where a plaintiff is proceeding *pro se*, a court must first notify the plaintiff of the
deficiencies in the complaint so that the plaintiff has an opportunity "to amend effectively."
25  Ferdik, 963 F.2d at 1261 (citation omitted).  A district judge may not dismiss an action for
failure to comply with a court order (*e.g.*, the Dismissal Order) or for unreasonable failure to
26  prosecute if the initial decision to dismiss a complaint was erroneous.  Yourish v. California
Amplifier, 191 F.3d 983, 992 (9th Cir. 1999) (citing id.).  Here, as noted above, plaintiff has
27  been notified of the deficiencies in the Original Complaint and has been afforded the opportunity
to amend effectively.  Further, the Court's Dismissal Order was not erroneous.
28